

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| CASY CARSON and JACQUELINE CARSON, on their own behalf and as next friends of S.B.C. and S.D.C., <br> Plaintiffs, <br><br> vs. <br><br> CATHERINE E. HEIGEL, in her official capacity as Director of the South Carolina Department of Health and Environmental Control and State Registrar of Vital Statistics, <br> Defendant. | §§§§§§§§§§§§ | CIVIL ACTION NO. 3:16-0045-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE MERITS
AND FOR DECLARATORY JUDGMENT AND RENDERING AS MOOT
PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF**

### I.    INTRODUCTION

Plaintiffs Casy and Jacqueline Carson, on their own behalf and as next friends of S.B.C. and S.D.C., bring this action against Defendant Catherine E. Heigel in her official capacity as Director of the South Carolina Department of Health and Environmental Control and as State Registrar of Vital Statistics.   The parties are represented by excellent counsel.

Plaintiffs allege violations of their rights under the Fourteenth Amendment to the United States Constitution.   They seek both declaratory and injunctive relief.   The Court has federal question jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331.

Pending before the Court is Plaintiffs' motion for summary judgment. Having considered the motion, the response, the reply, the record, and the applicable law, the Court will grant the motion as to the merits and declaratory judgment portions of the motion and render as moot Plaintiff's request for injunctive relief.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiffs are married and the same-sex parents of their twins, S.B.C. and S.D.C. Plaintiff Jacqueline Carson became pregnant with their children by means of artificial insemination. Under the current practice of Defendant, Plaintiff Jacqueline Carson, as the birth mother of the twins, is listed as a parent on S.B.C.'s and S.D.C.'s birth certificates, but the birth certificates fail to name Plaintiff Jacqueline Carson's spouse, Plaintiff Casy Carson. Under the same circumstances, if Plaintiffs were an opposite-sex married couple, both of their names would be listed on the birth certificates. With this lawsuit, Plaintiffs seek to modify Defendant's practice in this regard.

After Plaintiffs filed their complaint with this Court, they filed the instant motion for summary judgment. The Court, having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

## III.    STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the

non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc*., 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc*., 947 F.2d 115, 119 (4th Cir. 1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props*., 810 F.2d 1282, 1286 (4th Cir. 1987). The court must determine "whether the evidence presents a sufficient

3

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## IV.    CONTENTIONS OF THE PARTIES

Plaintiffs maintain Defendant's refusal to treat same-sex spouses the same as opposite-sex spouses in the issuance of birth certificates violates *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), as well as other binding precedent. Plaintiffs also contend Defendant's refraining from naming both Plaintiffs on their twins' birth certificates is violative of their fundamental right to marry and other protected liberties. According to Plaintiffs, Defendant's granting birth certificates identifying non-genetic fathers but refraining to name non-genetic mothers as parents of children born to their female spouses violates Plaintiffs' rights to Equal Protection.

Plaintiffs argue Defendant's policy discriminates on the basis of sex and sexual orientation. Plaintiffs assert Defendant is also discriminating against S.B.C. and S.D.C., as well as the children of other same-sex parents. Plaintiffs aver Defendant has neither a legitimate nor compelling interest in denying marital children of same-sex spouses birth certificates with both parents named on them. Plaintiffs further assert the undisputed evidence establishes Plaintiffs are entitled to declaratory and injunctive relief.

Defendant agrees there is no genuine issue of material fact present here. She fails to contest Plaintiffs' constitutional arguments or their right to declaratory judgment. Instead, Defendant urges the Court to deny Plaintiffs' request for injunctive relief. Defendant avows injunctive relief is an inappropriate remedy.

## V. DISCUSSION AND ANALYSIS

The Court agrees with Plaintiffs' constitutional arguments, which Defendant has failed to contest. Thus, the Court will grant both the merits and the declaratory judgment portions of Plaintiff's motion for summary judgment.

With the Order, the Court declares Defendant's failure to treat same-sex spouses in the same manner she treats opposite-sex spouses in the issuance of birth certificates violates Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution. More specifically, this Court refuses to countenance Defendant's refusal to name both Plaintiffs on their twins' birth certificates. Defendant's present practice is violative of Plaintiffs' fundamental right to marriage and other protected liberties. With that declaration, the only issue left for the Court to decide is whether injunctive relief is appropriate.

Subsequent to the filing of this motion, the parties agreed to enter into a consent decree detailing the manner in which they will secure the relief Plaintiffs initially sought via injunctive relief. The consent decree, which the Court will file within ten days of the filing of this Order, renders Plaintiffs' request for injunctive relief moot.

## VI. CONCLUSION

Therefore, based on the foregoing discussion and analysis, the portion of Plaintiffs' motion for summary judgment concerning the merits of their constitutional claims and declaratory judgment is **GRANTED** and the section of Plaintiff's motion for summary judgment seeking injunctive relief is **RENDERED MOOT**.

**IT IS SO ORDERED.**

Signed this 15th day of February, 2017, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE